**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEANDRO LOPEZ TURATIZ,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, *et al.*,<br><br>　　　　　　　　　Defendants. | 3:19-cv-00002-MMD-CBC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Leandro Lopez Turatiz's ("Turatiz"), application to proceed *in forma pauperis* (ECF No. 6), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Turatiz's *in forma pauperis* application (ECF No. 6) be granted and that his complaint (ECF No. 1-1) be dismissed without prejudice, and without leave to amend.

**I.　*IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Turatiz cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II. SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915€(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for

1  failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question
2  of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation
3  omitted).
4        The Court must accept as true the allegations, construe the pleadings in the light
5  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*
6  *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints
7  are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*
8  *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).
9        A complaint must contain more than a "formulaic recitation of the elements of a cause
10 of actions," it must contain factual allegations sufficient to "raise a right to relief above the
11 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
12 must contain something more . . . than . . . a statement of facts that merely creates a
13 suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted).
14 At a minimum, a plaintiff should include "enough facts to state a claim to relief that is
15 plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
16       A dismissal should not be without leave to amend unless it is clear from the face of
17 the complaint the action is frivolous and could not be amended to state a federal claim, or
18 the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,
19 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

20 **III.   SCREENING OF COMPLAINT**

21       In his complaint, Turatiz sues Defendants Las Vegas Metropolitan Police Department
22 ("LVMPD") and John Does under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Turatiz alleges the
23 following: The Forensic Department of the LVMPD manipulated, fabricated, tampered with,
24 and failed to properly analyze handprints and fingerprints recovered from a crime scene in
25 order to justify the arrest and extradition of Turatiz from Canada. (*Id.* at 3-9.) Based on
26 these allegations, Turatiz asserts violations of his due process and equal protection rights
27 and seeks monetary damages. (*Id.* at 4, 6, 8, 12.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Turatiz v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already

been invalidated." *Heck*, 512 U.S. at 487.

It is apparent that Turatiz is challenging the constitutionality of his state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas corpus* action. The Court, therefore, recommends that the complaint be dismissed without prejudice and without leave to amend.

**IV.     CONCLUSION**

For the reasons articulated above, the Court recommends that Turatiz's application to proceed *in forma pauperis* (ECF No. 6) be granted, and that Turatiz's complaint (ECF No. 1-1) be dismissed without prejudice and without leave to amend.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.     RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Turatiz's application to proceed *in forma pauperis* (ECF No. 6) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Turatiz's complaint (ECF No. 1-1); and

//
//
//

1 **IT IS FURTHER RECOMMENDED** that Turatiz's complaint (ECF No. 1-1) be
2 **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

3 **DATED:** September 18, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**